IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD STANTON WHITMAN, | ) | Case No. 5:19-CV-1818 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| DAVID W. GRAY, Warden, | ) | |
| | ) | |
| Respondent. | ) | **ORDER ON MOTION FOR STAY** |
| | ) | **AND ABEYANCE OF PETITION** |

On August 9, 2019, Petitioner Richard Stanton Whitman ("Whitman") moved for a stay and requested this case be held in abeyance while he pursued his state court remedies. Whitman represented that some of his claims were pending in the Ohio Supreme Court in Case No. 19-0331. ECF Doc. 3. However, a review of the Ohio Supreme Court's docket for that case shows that the Ohio Supreme Court declined jurisdiction in that case on May 1, 2019.[1] Thus, when Whitman filed his motion for stay and abeyance, this Ohio Supreme Court case (19-0331) was already resolved.

*After* Whitman filed his motion for stay and abeyance, he filed another appeal in the Ohio Supreme Court, Case No. 19-1451, which remains pending. Whitman's memorandum in support of jurisdiction in the current Ohio Supreme Court case asserts three propositions of law:

> **Proposition of Law No 1:**
> Is appellant entitled to retroactive application of the substantive new rules of criminal procedure provided in the amended version of R.C. 2901.05 and the burden of proof beyond a reasonable doubt being placed on the

---
[1] https://www.supremecourt.ohio.gov/Clerk/ecms/#/caseinfo/2019/0331

state to prove that the accused did not use force in self-defense? Absence of self-defense is now an element of the charge. Rendering this conviction in violation of, *In re Winship,* 397 U.S. 358 and *Jackson v. Virginia,* 443 U.S. 307. Violating the Fifth, Sixth and Fourteenth Amendments of the U.S. Constitution. Thus statutorily and constitutionally void.

**Proposition of Law No. 2:**
The trial court of common pleas and appeals court of Fifth District have violated appellant's rights to Due Process under the Ohio Constitution Art. I, § 10, and the U.S. Constitution's Fourteenth and Sixth Amendments by denying the constitutionality required retroactive application of fundamental and substantive constitutional rules of criminal procedure within the amended version of R.C. 2901.05 and R.C. 9.68.

**Proposition of Law No. 3:**
Given the recent ruling by this court in *State v. Parker,* 2019-Ohio-3848 concerning the filings of untimely or successive post-conviction motions to vacate void convictions and sentences under R.C. 2953.23. What? If any adequate state remedy is available to obtain the relief of retroactive application of the constitutionality required retroactive application of fundamental and substantive constitutional rules of criminal procedure with in the amended version of R.C. 2901.05 and 9.68. As this conviction and sentence is now statutorily and constitutionally void.

ECF Doc. 8 at 18. These propositions of law relate to Whitman's Ground Nine and Ground Ten habeas claims:

> GROUND NINE: Petitioner is entitled to retroactive application to recent changes to Ohio Revised Code 2901.05 (Burden of Proof.) ECF Doc. 1 at 18.
>
> GROUND TEN: Cumulative errors in Jury Instructions provided at trial denied petitioner a fair trial resulting in violation of the 6th and 14th Amendments and Due Process. ECF Doc. 1 at 20.

Because some of Whitman's habeas claims are still pending before the Ohio Supreme Court, they are not fully exhausted; and this case involves a "mixed petition." When a court is presented with a mixed petition, the entire petition may be dismissed without prejudice. *See Rose v. Lundy*, 455 U.S. 509, 510, 102 S. Ct. 1198, 71 L.Ed.2d 379 (1982). After a mixed petition is dismissed, and the petitioner subsequently exhausts his state court remedies, the petitioner may file a new habeas petition without his petition being treated as an unauthorized

second or successive petition. *See Slack v. McDaniel*, 529 U.S. 473, 487, 120 S. Ct. 1595, 146 L.Ed.2d 542 (2000).

However, after AEDPA established a one-year statute of limitations on habeas petitions, the Supreme Court determined that the dismissal of an entire petition could potentially preclude the petitioner from bringing his already-exhausted claims in a new petition. *See Rhines v. Weber*, 544 U.S. 269, 274–75, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005). To avoid statute of limitations problems, the Court held that district courts may use their inherent stay authority to hold in abeyance mixed habeas petitions in order to allow the petitioner the opportunity to bring unexhausted claims to conclusion in state court. *Id.* at 275 (noting that, without the use of inherent stay authority, habeas petitioners would run the risk of forever losing their opportunity for federal review of their unexhausted claims). However, the Supreme Court warned that the frequent staying and holding in abeyance of mixed petitions could: (1) undermine AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings; and (2) decrease a petitioner's incentive to exhaust all his state claims before filing his federal petition. *Id.* at 277.

Thus, before considering whether a stay is appropriate, we must first determine whether the statute of limitations tolling provision under 28 U.S.C. § 2244(d)(2) would preserve the opportunity to litigate the petitioner's already-exhausted claims in a new petition filed after the unexhausted claims are fully considered in state court. *Cf. id.* at 276–77 (noting that Congress enacted AEDPA against the backdrop of the total exhaustion requirement, and that included a tolling provision in 28 U.S.C. § 2244(d)(2) in order to balance the interests served by the exhaustion requirement and the limitation period).

AEDPA's one-year limitations period begins to run when: (1) the challenged judgment becomes final by the conclusion of direct review or the expiration of time for seeking such

3

review; (2) any improper state-created impediment to filing an application is removed; (3) the constitutional right asserted is recognized by the Supreme Court; or (4) the petitioner discovers, or could have discovered through due diligence, the factual predicate for his claim. 28 U.S.C. § 2244(d)(1). AEDPA's one-year limitations period stops running ("is tolled") for "the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Rhines*, 544 U.S. at 274.

Here, Whitman's exhausted claims became final when the Ohio Supreme Court declined jurisdiction on November 7, 2018. ECF Doc. 8-1 at 234. Whitman filed his habeas petition on August 9, 2018, at least three months before the AEDPA statute of limitation expired. Whitman has also filed several different post-conviction motions that may toll AEDPA's statute of limitations. It is possible that Whitman's entire petition could be dismissed and the AEDPA statute of limitation would not prevent him from re-filing it. However, because Whitman's unexhausted claims are meritless, dismissing his mixed petition and requiring him to re-file it would be an exercise in futility.

Even if AEDPA's statute of limitation weren't tolled under 28 U.S.C. § 2244(d)(2), this court would be required to consider the following factors when deciding whether to stay Whitman's mixed petition: (1) whether the petitioner had good cause for failing to exhaust some of his claims in state court; (2) whether the unexhausted claims are plainly meritless; and (3) whether the petitioner has engaged in intentionally dilatory litigation tactics. *Rhines*, 544 U.S. at 277–78. When a stay is not appropriate and AEDPA's statute of limitations would bar the petitioner from raising his already-exhausted claims in a new petition, the district court may permit the petitioner to amend his petition to remove his unexhausted claim and proceed on with his exhausted claims. *Id*. at 278.

Even if Whitman could satisfy the first and third prongs of the *Rhines* test, he cannot show that his Ground Nine and Ground Ten claims have merit on habeas review. Both of these claims involve state law issues and "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (citing 28 U.S.C. § 2241); *see also Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law."); *Engle v. Isaac*, 456 U.S. 107, 121 n.21 (1982) ("We have long recognized that a 'mere error of state law' is not a denial of due process." (Citation omitted)).

Whitman's Ground Nine claim seeks retroactive application of a state law. The Ohio Court of Appeals, applying state law, held that Ohio Rev. Code § 2901.05 was to be applied prospectively and that the former law was not unconstitutional. ECF Doc. 8-1 at 587-588. The court finds no error in this holding. However, even if the state court made errors in the application of state law, no cognizable issue arises unless there has been a denial of fundamental fairness. *Wilson v. Sheldon*, 874 F.3d 470, 475 (6th Cir. 2017). Whitman's Ground Nine claim is non-cognizable; he has not shown that it has merit or that he is entitled to a stay and abeyance of his petition because this claim is unexhausted.

Whitman's Ground Ten claims assert that cumulative errors in jury instructions resulted in violations of his rights under the *Sixth Amendment* and *Fourteenth Amendment* to the United States Constitution. As with his Ground Nine claim, the Ground Ten claims are not cognizable on habeas review. Claims of errors in jury instructions involve only matters of state law which are not generally cognizable in a federal habeas case unless they infected the entire trial or amounted to a fundamental miscarriage of justice. *See Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991); *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007).

5

Whitman's Ground Ten claim is based, in large part, on his argument that Ohio Rev. Code § 2901.05 should have been applied retroactively. The Ohio Court of Appeals rejected that argument. The other jury instruction arguments should have been raised in Whitman's direct appeal. The Ohio Court of Appeals held that they were barred by the doctrine of *res judicata*. ECF Doc. 8-1 at 588. Whitman's Ground Ten claims are non-cognizable and/or lack merit; he has not shown that he is entitled to a stay and abeyance of his petition to permit the Ohio Supreme Court to conclude the evaluation of such unexhausted claims in state court.

Whitman's motion for a stay and abeyance was based on an Ohio Supreme Court case that has now concluded. (#19-0331). Although a different Ohio Supreme Court case is still pending (#19-1451), Whitman has not shown that the propositions of law raised in that case may be properly raised in a federal habeas petition. There is no reason to stay Whitman's habeas petition based on those claims. Indeed, Warden Gray filed a return of writ on December 13, 2019 and has not moved to dismiss Whitman's petition on that basis. ECF Doc. 8. Because no motion to dismiss is before this court, the undersigned will further consider Whitman's Ground Nine and Ground Ten claims when reviewing Whitman's petition, Warden Gray's return of writ and Whitman's traverse. Because he has not shown that his unexhausted claims have merit, Whitman's motion for a stay and abeyance must be DENIED.

    IT IS SO ORDERED.

Dated: December 27, 2019

                                    Thomas M. Parker
                                    United States Magistrate Judge