# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD STANTON WHITMAN, | ) | Case No. 5:19-CV-1818 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| DAVID W. GRAY, Warden, | ) | |
| | ) | |
| Respondent. | ) | **ORDER ON MOTION FOR** |
| | ) | **DISCOVERY** |

On December 5, 2019, Petitioner Richard Stanton Whitman ("Whitman") moved for discovery and requested counsel pursuant to Rule 6 of the Rules Governing §2254 cases. ECF Doc. 7. Whitman asserts that the state never responded to discovery he requested during his state court proceedings. He seeks an order requiring the production of specific items he did not receive. ECF Doc. 7 at 3. He also seeks information from his trial counsel and appellate counsel regarding their reasoning for decisions made during trial and his appeal. Similarly, he seeks discovery regarding decisions and statements made by state court prosecutors. ECF Doc. 7 at 8. Whitman requests counsel to assist with discovery and, although not requested in the body of his motion, his caption also requests an evidentiary hearing.

Because Whitman fails to explain how the requested discovery, which was not a part of the state court record, would advance his habeas claims, his motion for discovery must be DENIED, without prejudice to refiling.

Rule 6 of the Rules Governing § 2254 cases provides, in part:

> (a) Leave of court required.  A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery.  If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.

> (b) Requesting discovery.  A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."  *Stojetz v. Ishee,* 892 F.3d 175, 207, (6th Cir. 2018) quoting *Bracy v. Gramley,* 520 U.S. 899, 904, 117 S. Ct. 1793, 138 L. Ed. 2d 97 (1997).  "A district court may, however, permit discovery in a habeas proceeding if the 'petitioner presents specific allegations showing reason to believe that the facts, if fully developed, may lead the district court to believe that federal habeas relief is appropriate.'"  *Stojetz,* 892 F.3d at 207, quoting *Johnson v. Mitchell,* 585 F.3d 923, 934 (6th Cir. 2009) (quoting Lott v. Coyle, 261 F.3d 594, 602 (6th Cir. 2001)).

Here, Whitman claims that discovery is "vital to providing a properly presented for Habeas Corpus."  Broadly, he states that his discovery requests relate to the following claims:

> Petitioner has claims of ineffective assistance of counsel and Brady violations by the prosecution concerning exculpatory evidence being withheld by the State of Ohio and this evidence not diligently being pursued by trial counsel.  This evidence goes toward proving that petitioners' assailant had planned his attack and waited until petitioners' niece had left the home before entering the home and attacking the plaintiff.  It also goes to prove that trial counsel was ineffective for failing to pursue the evidence diligently.

ECF Doc. 7 at 2.   However, Whitman does not explain how the requested discovery would actually support these claims.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs habeas corpus petitions filed after April 24, 1996.  *Lindh v. Murphy,* 521 U.S. 320, 326-27 (1997);

*Murphy v. Ohio*, 551 F.3d 485, 493 (6th Cir. 2009). AEDPA imposes a "highly deferential standard for evaluating state-court rulings," *Lindh*, 521 U.S. at 333 n.7, and "demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). When the claims presented in a habeas corpus petition have been presented to and decided on the merits by the state courts, a federal court may not grant habeas relief unless the petitioner proves that the state court decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Whitman's discovery requests seek information that he allegedly sought during state court proceedings. ECF Doc. 8 at 3. He has also submitted interrogatories primarily seeking the reasons behind counsel's strategic decisions and/or statements made during trial and his direct appeal. While the actual course taken by counsel was apparent to the state court and reviewed on appeal, counsels' reasoning for making certain decisions was not. And, if Whitman did not receive discovery during the state court proceedings, he should have raised that issue in state court. He has not explained how this discovery will show that a state court decision was contrary to, or involved an unreasonable application of, clearly established Federal law. It follows that, even if this court would require Whitman's attorneys and the state prosecutors to respond to his discovery requests, their responses would not advance Whitman's habeas claims. Habeas review is limited to the record that was before the state court when it adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 185 & n.7 (2011) (holding that "evidence introduced in federal court has no bearing on § 2254(d)(1) review").

To illustrate this point, consider Whitman's ineffective assistance of trial counsel claims asserted in his Ground Five claim for relief. Whitman now seeks discovery from his trial counsel in the form of questions, such as "why was [an] important ruling overlooked," or "why was there no mention [of the victim's criminal record at trial]," or "what was the strategic value and reasoning in lying to Mr. Whitman about [reviewing the Body Cam video]?" ECF Doc. 7 at 5. The thinking behind why his attorneys made these decisions is irrelevant on habeas review. Whitman does not need to show counsel's subjective reasoning before he may assert claims that they allegedly: 1) overlooked an important ruling; 2) didn't introduce the victim's criminal record into evidence; and 3) lied to Mr. Whitman. Consequently, it is unclear how obtaining years-after-the-fact reasoning behind these actions would advance his habeas claims.

In *Strickland v. Washington*, the U.S. Supreme Court established that a petitioner claiming ineffective assistance of counsel must show that: (1) counsel's representation "fell below an objective standard of reasonableness," such that he was not performing as counsel guaranteed under the *Sixth Amendment*; and (2) counsel's deficient performance prejudiced the defendant. 466 U.S. 668, 688 (1984). The subjective reasons for trial counsel's decisions are not relevant; whether they were objectively reasonable is. Although Whitman broadly argues that his discovery requests are vital to his habeas claims, he has not presented specific allegations showing reason to believe that the facts, if fully developed, might lead this court to believe that federal habeas relief is appropriate. As explained above, if this court required the attorneys and prosecutors to answer Whitman's proposed discovery questions, their responses would result in superfluous information that was unavailable to the state courts and unlikely to support Whitman's habeas claims.

Whitman has attempted to provide reasons for his discovery requests, but he ultimately has failed to explain how information such as the subjective thoughts and strategies of trial and

appellate attorneys relate to his habeas claims.  Similarly, Whitman has failed to state reasons

justifying his request for a hearing on this matter or for the appointment of counsel to conduct

discovery.  Because he has failed to state specific reasons for his discovery requests and/or to

show good cause why this court should allow discovery and consider information not presented

to the state courts, Whitman's motion for discovery must be denied, without prejudice to refiling.

IT IS SO ORDERED.

Dated: January 8, 2020

Thomas M. Parker
United States Magistrate Judge