UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| RICHARD STANTON WHITMAN, | : | CASE NO. 5:19-cv-01818 |
|  | : |  |
|  | : | OPINION & ORDER |
| Petitioner, | : | [Resolving Doc. 1] |
|  | : |  |
| v. | : |  |
|  | : |  |
| WARDEN DAVID W. GRAY, | : |  |
|  | : |  |
| Respondent. | : |  |
|  | : |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Petitioner Richard Stanton Whitman is presently serving a 21-year to life sentence for murder with a firearm specification and for having a weapon while under a disability.[1]

Under 28 U.S.C. § 2254, Whitman filed a *pro se* petition for a writ of habeas corpus.[2] Warden Gray filed a return.[3]  Petitioner Williams filed a traverse.[4]  After an automatic referral,[5] Magistrate Judge Parker filed a Report and Recommendation, recommending that this Court deny Whitman's petition.[6]  Petitioner objected to most of the Report and Recommendation.[7]  This Court reviews the objected-to portions *de novo*.[8]

---

[1] Doc. 8-1 at 37–48.
[2] Doc. 1.
[3] Doc. 8.
[4] Doc. 25.
[5] Local Rule 72.2.
[6] Doc. 41.
[7] Doc. 48.
[8] 28 U.S.C. § 636(b)(1)(C).

Case No. 5:19-cv-01818
GWIN, J.

For the following reasons, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the reasoning of the Report and Recommendation in part[9] and the conclusions in full, and **DENIES** Whitman's habeas corpus petition.

## I.      Background

Petitioner Whitman shot and killed David Eadie.  Despite Whitman's claim that he acted in self-defense, an Ohio jury found him guilty of murder with a firearm specification and found him guilty of having a weapon while under a disability.[10]

Previously, Whitman unsuccessfully challenged his conviction in state court through direct and collateral appeal.[11]

Now, Whitman challenges his conviction in federal court under 28 U.S.C. § 2254. In his habeas corpus petition, Whitman raises ten grounds for relief.[12]  Magistrate Judge Parker addressed each of these grounds in a Report and Recommendation.[13]

Petitioner Whitman objects to Magistrate Judge Parker's Report and Recommendation as to Grounds One, Two, Three, Six, Nine, and Ten.[14]  This Court addresses each of Whitman's objected-to grounds in turn.

## II.     Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[15] governs federal courts' review of a state prisoner's habeas corpus petition.  Under AEDPA, federal

---

[9] In evaluating Petitioner's Ground One claim, this Court applied the "substantial and injurious effect" standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993).

[10] Doc. 41 at 3.

[11] *Id.* at 3–18.

[12] Doc. 1.

[13] Doc. 41.

[14] Doc. 48.

[15] Pub. L. No. 104–132, 110 Stat. 1214 (1996).

Case No. 5:19-cv-01818
GWIN, J.

courts may only consider claims that a petitioner is in custody in violation of the United

States' Constitution, laws, or treaties.[16]

Further, AEDPA prohibits federal courts from granting a habeas petition for any claim

the state court adjudicated on the merits unless the state court's decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established federal law as determined by the Supreme
> Court of the United States; or (2) resulted in a decision that was based upon
> an unreasonable determination of facts in light of the evidence presented in
> the State court proceeding.[17]

Before reviewing a habeas petition claim on the merits, federal courts generally

consider whether the claim was procedurally defaulted in the state courts.  Procedural default

may occur in two ways.  First, a claim is procedurally defaulted if the habeas petitioner failed

to comply with state procedural rules while presenting his claim to the appropriate state

court, and the state court enforced that rule and declined to reach the merits of Petitioner's

claims.[18]

Most often, however, procedural default occurs because a petitioner does not raise a

claim while in state court proceedings and the state's *res judicata* rules cause the claim's

forfeiture.[19]  Under Ohio *res judicata* rules, if a petitioner "failed to raise a claim on direct

appeal, which could have been raised on direct appeal, the claim is procedurally

defaulted."[20]

To overcome procedural default, a petitioner must show: (1) cause for the default and

actual prejudice resulting from the alleged federal law violation, or (2) that there will be a

---

[16] 28 U.S.C. § 2254(a).
[17] *See* 28 U.S.C. § 2254(d); *see also Miller v. Francis*, 269 F.3d 609, 614 (6th Cir. 2001).
[18] *Williams v. Anderson*, 460 F.3d 789, 805–806 (6th Cir. 2006).
[19] *Id.* at 806 (citing *Engle v. Isaac*, 456 U.S. 107, 125 n. 28 (1982)).
[20] *Id.*

Case No. 5:19-cv-01818
GWIN, J.

fundamental miscarriage of justice if the court does not consider the claim.[21]  "Cause" is a

legitimate excuse for the default, and "prejudice" is actual harm caused by the alleged

constitutional violation.[22]  If a petitioner fails to show cause for their procedural default, a

court need not consider prejudice.[23]  Finally, "a fundamental miscarriage of justice" is the

conviction of one who is "actually innocent."[24]

### III.    Discussion

####     A.    Petitioner Whitman's Ground One Is Not Cognizable.

In Ground One, Petitioner Whitman claims that the trial court's refusal to instruct

the jury on the Ohio Castle Doctrine violated his federal due process rights.[25]  Further,

Whitman argues it was a structural, rather than harmless, constitutional error.[26]

In a federal habeas action, errors in state-law jury instructions are generally not

reviewable[27] because a federal habeas court does not act as an appeal court for state court

decisions on state law questions.[28]  Therefore, to the extent that Whitman challenges the

Ohio courts' decisions regarding the Ohio Castle Doctrine jury instructions, his claim is not

reviewable in a federal habeas action.[29]

A state court ruling on an issue of jury instructions may, however, rise to the level of

a due process violation if it, "subverts the presumption of innocence or relieves the state of

---

[21] *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006) (citing *Coleman v. Thompson*, 501 U.S. 722, 749–750 (1991)).

[22] *Castro v. Harris*, No. 1:18-CV-1167, 2018 WL 3829101, at *3 (N.D. Ohio Aug. 13, 2018).

[23] *See Smith v. Murray*, 477 U.S. 527, 532 (1986).

[24] *Lundgren*, 440 F.3d at 764 (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

[25] Doc. 1 at 5–6; Doc. 48 at 3–37.

[26] *Id.*

[27] *Lampley v. Bunting*, No. 1:13-CV-1102, 2013 WL 5670947, at *11 (N.D. Ohio Oct. 15, 2013) (citing *Wood v. Marshall*, 790 F.2d 548, 551 (6th Cir. 1986)).

[28] *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

[29] Doc. 25 at 11–12, 49, 58–60.

Case No. 5:19-cv-01818
GWIN, J.

its burden to prove every element of a crime beyond a reasonable doubt."[30]  This limited

exception does not apply here.

At trial, Ohio and Whitman disagreed whether Whitman created the fight with the

victim and whether Whitman reasonably believed that shooting the victim was his only

choice to avoid great bodily harm or death.[31]  The Ohio trial judge gave Whitman's

requested self-defense jury instruction but did not give a Castle Doctrine instruction

because Whitman was only temporarily at his sister's residence.[32]  Whether Ohio's Castle

Doctrine instruction applied is a quintessential state law question and the trial court's

decision is not a due process violation.

Any error in not instructing the jury on the Castle Doctrine did not have a

substantial and injurious effect or influence in determining the jury's verdict.

### B.  Petitioner Whitman's Ground Two Is Procedurally Defaulted.

In Ground Two, Petitioner Whitman claims that the trial court erred when it admitted

certain prior bad act evidence in violation of the Ohio and Federal Rules of Evidence.[33]

While Whitman raised this evidentiary issue in his direct appeal to the Ohio Court of

Appeals,[34] he omitted it from his memorandum in support of jurisdiction to the Ohio

Supreme Court.[35]  Therefore, Whitman's claim is procedurally defaulted.[36]  Moreover,

---

[30] *Brown v. Jess*, No. 19-CV-1010-BBC, 2021 WL 681097, at *4 (W.D. Wis. Feb. 22, 2021)
(citing *In re Winship*, 397 U.S. 358, 364 (1970)). *See Wood*, 790 F.2d at 551 ("The petitioner must
show more than that the instructions are undesirable, erroneous, or universally condemned.").

[31] Doc. 8-1 at 158.

[32] *Id.* at 155–157.

[33] Doc. 1 at 7.

[34] Doc. 8-1 at 161–163.

[35] *Id.* at 174–187.

[36] *Williams*, 460 F.3d at 806 ((holding a claim procedurally defaulted where the petitioner
raised it before the Ohio Court of Appeals but not the Ohio Supreme Court while pursuing direct
review) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999))).

Case No. 5:19-cv-01818
GWIN, J.

Whitman cannot establish cause to overcome the default.  It is insufficient that Whitman was

acting *pro se* and may have received incorrect legal advice from another inmate.[37]

### C.  Petitioner Whitman's Ground Three Is Procedurally Defaulted.

In Ground Three, Petitioner Whitman claims that his trial counsel was ineffective for

failing to investigate evidence that police altered the crime scene by moving the victim.[38]

Though Whitman could have raised this ineffective-assistance-of-trial-counsel claim

on direct appeal, he failed to do so.[39]  Therefore, Whitman procedurally defaulted the claim.

To establish cause to overcome his procedural default, Whitman points to the

*Martinez/Trevino* framework.[40]  In *Trevino*,[41] the Supreme Court held that:

> [W]here . . . [a] state procedural framework, by reason of its design and
> operation, makes it highly unlikely in a typical case that a defendant will have
> a meaningful opportunity to raise a claim of ineffective assistance of trial
> counsel on direct appeal, our holding in *Martinez* applies[.][42]

In *Martinez*,[43] the Court held that:

> Where, under state law, claims of ineffective assistance of trial counsel must
> be raised in an initial-review collateral proceeding, a procedural default will
> not bar a federal habeas court from hearing a substantial claim of ineffective
> assistance at trial if, in the initial-review collateral proceeding, there was no
> counsel or counsel in that proceeding was ineffective.

But "*Martinez* does not apply [to Ohio habeas petitioners] because Ohio permits

ineffective-assistance-of-trial-counsel claims on direct appeal" making the exception

---

[37] Doc. 1 at 7–8; *See Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995) (holding a petitioner's *pro se* status and ignorance of their rights do not constitute cause excusing procedural default).

[38] Doc. 1 at 8–9.

[39] On collateral appeal, the Ohio Court of Appeals applied *res judicata* as an alternative ground for denying relief. Doc. 8-1 at 354.

[40] Doc. 48 at 50.

[41] *Trevino v. Thaler*, 569 U.S. 413, 429 (2013).

[42] *Id.* (citing *Martinez v. Ryan*, 566 U.S. 1, 17 (2012)).

[43] *Martinez v. Ryan*, 566 U.S. 1, 17 (2012).

Case No. 5:19-cv-01818
GWIN, J.

inapplicable.[44]  In Ohio, defendants receive access to court-appointed or privately retained counsel for the direct appeal from their conviction.  *Martinez* does not apply to Ohio's scheme.

Further, *Trevino* does not apply in this case.  Whitman argues that he could not have raised this ineffective-assistance-of-trial-counsel claim on direct appeal because it would require evidence outside the trial record.[45]  It is true that where there is insufficient evidence for a direct appeal court to determine whether trial counsel's assistance was ineffective, the claim is not procedurally defaulted.[46]

In his traverse, however, Whitman admits that the state played a trial bodycam video showing police moving the victim's body.[47]  Further, photographs of the body at the scene were introduced at trial.[48]  Relying on the video and photographs in the trial record, Whitman could have argued on direct appeal that his trial counsel was ineffective for failing to investigate police crime scene tampering.

Accordingly, the *Martinez/Trevino* framework is inapplicable and does not excuse Whitman's procedural default.

---

[44] *Williams v. Mitchell*, 729 F.3d 606, 615 (6th Cir. 2015).

[45] Doc. 48 at 50.

[46] *White v. Warden, Ross Corr. Inst.*, 940 F.3d 270, 274–277 (6th Cir. 2019) (Ohio Court of Appeals deemed direct appeal an inappropriate forum for an ineffective-assistance claim based on trial counsel's pending criminal indictment because the record lacked sufficient evidence); *State v. Cooperrider*, 448 N.E.2d 452, 454 (Ohio 1983) (holding direct appeal was an inappropriate forum for an ineffective-assistance claim where the allegations of ineffectiveness are based on facts not appearing in the record).

[47] Doc. 25 at 76 ("When Whitman saw the video being played at trial showing the police moving Eadie after declaring him D.O.A. and how much the states theory had been based on Eadies [sic] location and position after he had been moved Whitman tried to get his trial counsel to address that issue, trial counsel ignored Whitman's pleas.").

[48] Doc. 8-2 at 244–245.

Case No. 5:19-cv-01818
GWIN, J.

Likewise, an ineffective-assistance-of-appellate counsel claim cannot constitute cause to excuse his procedural default as that claim would also be procedurally defaulted.[49]

### D.   Petitioner Whitman's Ground Six Is Procedurally Defaulted.

In Ground Six, Whitman claims that his appellate counsel was ineffective for failing to communicate with Whitman and raise certain claims.[50]

This claim is procedurally defaulted because Whitman failed to fairly present it at each stage of Ohio's review process.[51]  While Whitman moved to replace appellate counsel and "restrict" counsel,[52] Whitman did not raise these arguments in his memorandum to the Ohio Supreme Court when asking it to accept jurisdiction.[53]  Nor did Whitman raise these arguments in his subsequent post-conviction proceedings.[54]

Whitman has not established cause to excuse this procedural default.[55]

### E.   Petitioner Whitman's Ground Nine Is Not Cognizable.

In Ground Nine, Petitioner Whitman claims that Ohio Revised Code § 2901.05 should apply retroactively to him.[56]

---

[49] Doc. 1; Doc 25.

[50] Doc. 1 at 13–14.

[51] *Wagner v. Smith*, 581 F.3d 410, 418 (6th Cir. 2009).

[52] Doc. 41 at 61.

[53] Doc. 8-1 at 174–187.

[54] *Id.* at 235–246, 285–296, 341–345, 359–367.

[55] Doc. 1 at 13–15; Doc. 48 at 51–52. *See Davila v. Davis*, 137 S. Ct. 2058, 2065 (2017) (declining to extend the *Martinez/Trevino* exception regarding procedural default to claims of ineffective assistance of appellate counsel).

[56] Doc. 1 at 18.

Case No. 5:19-cv-01818
GWIN, J.

The retroactivity of a state statute is a matter of state law and is not reviewable on federal habeas review.[57] The Ohio Court of Appeals' ruling that the changes in Ohio Revised Code § 2901.05 are not retroactive, thus, does not raise a cognizable claim.[58]

Whitman responds that his conviction had not yet become final at the time Ohio Revised Code § 2901.05 was revised. But the revised statute went into effect on March 28, 2019 and Whitman's conviction became final on November 7, 2018, when the Ohio Supreme Court declined to accept jurisdiction over his appeal.[59]

### F. Petitioner Whitman's Ground Ten Is Not Cognizable.

In Ground Ten, Petitioner Whitman claims that the cumulative errors in the trial jury instructions denied him a fair trial and violated his due process rights.[60]

In the Sixth Circuit, cumulative error claims are not cognizable on federal habeas review.[61] In his objection, Whitman does not, and cannot, establish otherwise.

## IV. Conclusion

For the foregoing reasons, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the reasoning of the Report and Recommendation in part and the conclusions in full, and **DENIES** Whitman's habeas corpus petition.

Moreover, the Court **ISSUES** a certificate of appealability for Grounds One and Three.[62] The Court **DECLINES** to issue a certificate of appealability for all other grounds.[63]

---

[57] *Chapman v. Tim LeMaster*, 302 F.3d 1189, 1198 (10th Cir. 2002); *Messenger v. McQuiggin*, No. 2:09-cv-13860, 2010 U.S. Dist. LEXIS 69871 at *21 (E.D. Mich. June 15, 2010).
[58] Doc. 8-1 at 587–588.
[59] *Id.* at 234.
[60] Doc. 1 at 20.
[61] *Williams*, 460 F.3d at 816 ("[T]he law of this Circuit is that cumulative error claims are not cognizable on habeas because the Supreme Court has not spoken on this issue.").
[62] 28 U.S.C. § 2253(c)(2); 28 U.S.C. § 2254(c)(3).
[63] 28 U.S.C. § 2253(c)(1)(A).

Case No. 5:19-cv-01818
GWIN, J.

IT IS SO ORDERED.

Dated: September 8, 2021                    _s/_      _James S. Gwin_____
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE