UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| RICHARD STANTON WHITMAN, | : : : | CASE NO. 5:19-cv-01818 |
| | : | OPINION & ORDER |
| Plaintiff, | : : | [Resolving Docs. 54; 55; 57] |
| v. | : : | |
| WARDEN DAVID W. GRAY, | : : | |
| Defendant. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Petitioner Richard Stanton Whitman is presently serving a 21-year to life sentence for murder with a firearm specification and for having a weapon while under a disability.[1] Whitman filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254.[2] This Court denied Whitman's habeas corpus petition.[3] Whitman appealed that decision.[4]

Whitman now moves this Court to appoint counsel for his appeal.[5] Whitman also moves this Court to enter an order of protection requiring Ohio Department of Rehabilitation and Correction ("ODRC") staff to open Whitman's legal mail in front of him and ordering ODRC staff to stop its policy of copying Whitman's legal mail.[6]

For the following reasons, this Court **DENIES** Plaintiff's motion to appoint counsel and **DIRECTS** Plaintiff to refile this motion with the Sixth Circuit. The Court further **DENIES** Plaintiff's motion for an order of protection.

---

[1] Doc. 8-1 at 37–48.
[2] Doc. 1.
[3] Doc. 50.
[4] Doc. 52.
[5] Doc. 54.
[6] Docs. 55; 57.

Case No. 5:19-cv-01818
GWIN, J.

I. **Motion to Appoint Counsel.**

There is no constitutional right to counsel in a habeas corpus proceeding.[7] The decision whether to appoint counsel for a habeas petitioner is within the discretion of the court and counsel is appointed only when "the interests of justice or due process so require."[8] To determine whether to appoint counsel, "[c]ourts should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors."[9]

Whitman moves this Court to appoint counsel for his appeal to the Sixth Circuit.[10] Because Whitman seeks counsel for his appeal, however, Whitman should direct this request to the Sixth Circuit where his appeal is pending.[11] This Court therefore denies Whitman's motion to appoint counsel without prejudice to Whitman's right to refile the motion with the Sixth Circuit.

II. **Motion for an Order of Protection.**

Whitman asks this Court to enter an order of protection in response to the new ODRC legal mail policy.[12] Whitman says this policy violates his First Amendment right.

A motion for an order of protection is not the proper vehicle through which to raise

---

[7] *Daniels v. Jackson*, No. 20-2090, 2021 WL 1923060, at *3 (6th Cir. Mar. 9, 2021).
[8] *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986).
[9] *United States v. Augustin*, 16 F.4th 227, 234 (6th Cir. 2021) (internal quotation omitted); *see also Farris v. Chapman*, No. 2:19-CV-10265, 2020 WL 948416, at *1 (E.D. Mich. Feb. 27, 2020) ("[T]he appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel."); *Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 788 (E.D. Mich. 2004) ("The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting *pro se* in a habeas action occur when a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim.").
[10] Doc. 54.
[11] *See, e.g., Rogers v. Skipper*, 811 F. App'x 986 (6th Cir. 2020) (Sixth Circuit ruling on a habeas petitioner's motion to appoint counsel for an appeal).
[12] Docs. 55; 57. The new ODRC legal mail policy is as follows: All attorneys and legal services providers must register with the ODRC. Once registered, they can access "control numbers" to put on their legal correspondence. If incoming legal mail has a control number, it will be opened and inspected only in the presence of the prisoner-addressee. If the mail does not have a control number—even if the mail is marked as legal mail—it will be treated as ordinary mail and will be opened, copied, and delivered to prisoners. Doc. 57-1.

Case No. 5:19-cv-01818
GWIN, J.

a First Amendment challenge to the new ODRC legal mail policy. Whitman seeks to prevent ODRC staff from opening his legal mail because he says the policy violates his constitutional right. An order of protection, however, is granted only when the movant establishes: "(1) the interest for which protection is sought is an actual trade secret or other confidential business information, and (2) there is good cause for the entry of a protective order."[13] Protective orders may also be issued "for good cause shown to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including that the disclosure or discovery not be had or that the disclosure or discovery be limited to certain matters."[14] An order of protection is not warranted here.

Further, the new ODRC legal mail policy does not violate Whitman's First Amendment right.

"A prisoner's right to receive mail is protected by the First Amendment."[15] That protection is heightened when the incoming mail is legal mail.[16] Prison officials may open and inspect a prisoner's legal mail only in the presence of the prisoner "in accordance with appropriately drafted and uniformly applied regulations."[17] Prison officials may, however, "impose [mail-related] restrictions that are reasonably related to security or other legitimate penological objectives."[18] Further, if "screening detect[s] the presence of any prohibited devices, or instruments, any such packages may be opened for inspection outside the presence of the prisoner-addressee."[19]

---

[13] *Vignes-Starr v. Lowe's Home Ctrs., LLC*, 544 F. Supp. 3d 774, 777 (W.D. Ky. 2021) (citation omitted).
[14] *Chelsey Nelson Photography LLC v. Louisville/Jefferson Cty. Metro Gov't*, No. 319CV00851BJBCHL, 2021 WL 3778532, at *2 (W.D. Ky. Aug. 25, 2021) (citing Fed. R. Civ. P. 26(c)).
[15] *Sallier v. Brooks*, 343 F.3d 868, 873 (6th Cir. 2003).
[16] *Id.* at 874.
[17] *Kensu v. Haigh*, 87 F.3d 172, 174 (6th Cir. 1996).
[18] *Sallier*, 343 F.3d at 873.
[19] *Kensu*, 87 F.3d at 174–75.

- 3 -

Case No. 5:19-cv-01818
GWIN, J.

The new ODRC policy satisfies constitutional requirements. Legal mail that includes a control number is only opened in the presence of the prisoner-addressee.[20] If there are obvious indications that a piece of mail contains contraband, ODRC staff will withhold the item and contact the sender.[21] The sender can then request that the mail be returned.[22] If the sender requests that the mail not be returned, it will be treated as contraband.[23]

Therefore, Whitman's challenge to the ODRC's new legal mail policy fails.

### III. Conclusion

For the foregoing reasons, this Court **DENIES** Plaintiff's motion to appoint counsel and **DIRECTS** Plaintiff to refile this motion with the Sixth Circuit. The Court further **DENIES** Plaintiff's motion for an order of protection.

IT IS SO ORDERED.

Dated: March 3, 2022            *s/ James S. Gwin*
                                                 JAMES S. GWIN
                                                 UNITED STATES DISTRICT JUDGE

---

[20] Doc. 57-1. The control number system was introduced to stop the flow of drugs and contraband into institutions.
[21] Doc. 57-1.
[22] *Id.*
[23] *Id.*